[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13530
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 23, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-20447-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERICK R. FRYE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 23, 2006)

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

A Southern District of Florida jury convicted appellant of violating 18

U.S.C. § 922(a)(6) by making a false written statement to a federally-licensed firearm dealer, Daddy's Cash and Pawn ("Daddy's"), on July 8, 2002, in attempting to purchase a handgun. After the district court imposed sentence, 36 months incarceration, he lodged this appeal, challenging his conviction.

Appellant seeks the vacation of his conviction and the entry of a judgment of acquittal on the ground that the evidence was insufficient to support a jury finding that on July 8, 2002, Daddy's possessed the requisite federal firearms license. Alternatively, he seeks a new trial on the ground that the district court abused its discretion in admitting under Fed. R. Evid. 404(b) a subsequent similar act – the possession of a short-barreled shotgun for which he was convicted – to demonstrate his intent to commit the charged offense. We affirm.

We need not tarry long in disposing of appellant's first contention. Daddy's owner, Jorge Sagarra, testified that the store had a federal firearms license at the time appellant made the allegedly false statement on the ATF form. ATF agent Jamie Morales stated that Daddy's was a federally-licensed firearms dealer. Sagarra's and Morales's testimony provided a sufficient predicate for the jury's finding that Daddy's was a licensed dealer. We turn, therefore, to the Rule 404(b) evidence.

On June 22, 2002, a little over two weeks before he committed the §

2

922(a)(6) offense at Daddy's, appellant acquiesced in a state court's entry of a "Domestic Violence Stay Away Order" which obligated him to remain at least 500 feet from his wife until further order of the court. The order also required that he "not use, possess, or carry a firearm, gun, weapon or ammunition."

On July 8, 2002, appellant went to Daddy's, accompanied by his wife (they had apparently reconciled), and told Sagarra that he and his wife were seeking "his and her" handguns. After they selected the handguns – she picked out a .25 caliber pistol; he selected a larger caliber Smith & Wesson revolver – Sagarra handed appellant AFT form 4473. Without seeking any assistance, appellant filled out the form, including question 12(H) which asked whether the buyer was subject to a domestic violence restraining order and stated that one subject to such an order was ineligible to purchase a firearm. Appellant answered the question in the negative.

On receiving the form from appellant, Sagarra told him that he would complete the sale following a background check. Appellant gave Sagarra a Florida identification document, and Sagarra contacted the Florida Department of Law Enforcement ("FDLE"). The FDLE told him to delay the transaction, and he informed appellant that the matter would take between 10 minutes and a full day to be resolved. Appellant in turn gave Sagarra a $100 deposit and said he would return the next day. Later the same day, July 8, the FDLE disapproved the sale.

3

When appellant returned to the store on July 9, Sagarra told him that the sale had been blocked and gave him a form with which he could appeal the FDLE's decision. Appellant did not appeal.

On July 18, 2002, ten days after this aborted firearms purchase, officers of the local police department were summoned in the early morning hours to the home of Tenirique Clark. On arrival, Ms. Clark told them that appellant had been there and was armed with a sawed-off shotgun. Then, after she phoned the police, he departed the scene, leaving the shotgun under a nearby tree.

Appellant was apprehended later in the day and conceded that he had possessed the weapon, a .12 gauge shotgun with a shortened barrel and modified handle, and acknowledged that the domestic violence restraining order was still in effect. He later pled guilty in state court to possessing a sawed-off shotgun and to perpetrating domestic violence.

ATF agent Morales subsequently arrested appellant for making a false statement in response to question 12(H) on the ATF form at Daddy's. Appellant admitted filling out the form and answering the question as he did. On July 2, 2004, a grand jury returned the indictment in this case.

Prior to trial, the Government filed a notice of its intent to rely on Rule 404(b) evidence – specifically, appellant's possession of the sawed-off shotgun on

July 18, 2002, and subsequent conviction – to demonstrate appellant's intent to possess a firearm on July 8, 2002, by answering falsely question 12(H) on the ATF form. The Government anticipated that appellant would defend the false statement charge by claiming that he did not know that he was a "prohibited" person. Appellant responded to the Government's notice by moving in limine to have the Rule 404(b) evidence excluded. The court denied his motion, concluding that the evidence was probative of his motive to lie on the ATF form and of the absence of mistake or accident.

We review properly preserved challenges to trial court rulings on admission of evidence for abuse of discretion. United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir.2000). A court abuses its discretion when its decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." United States v. Baker, 432 F.3d 1189, 1202 (11th Cir. 2005), cert denied, Pless v. United States, 126 S.Ct. 1809 (2006).

Evidence showing "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would [otherwise] be" is "[r]elevant evidence," and "[a]ll relevant evidence is [generally] admissible" at trial. Fed. R. Evid. 401, 402. Even if evidence is relevant, though, it "may be excluded if its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. This rule is, however, an "extraordinary remedy. . . which should be used sparingly since it permits the trial court to exclude concededly probative evidence." United States v. Wright, 392 F.3d 1269, 1276 (11th Cir. 2004), cert. denied, 544 U.S. 968 (2005). Rule 404(b) prohibits all evidence of "crimes, wrongs, or acts" to prove that a person is of a character that would commit the crime charged, but it permits such evidence to prove, among other things, motive, intent, or absence of mistake or accident. Baker, 432 F.3d at 1204.

We apply a three-part test for determining the admissibility of evidence under Rule 404(b). First, the evidence must be relevant to an issue other than the defendant's character. Second, the evidence must be sufficient to support a finding that the defendant actually committed the extrinsic act. Third, the probative value of the evidence must not be substantially outweighed by the risk of unfair prejudice. United States v. Calderon, 127 F.3d 1314, 1330 (11th Cir. 1997), modified on other grounds, United States v. Toler, 144 F.3d 1423 (11th Cir. 2003).

As for the first prong, evidence of extrinsic offenses may be admissible to show motive. Baker, 432 F.3d at 1204. Overall similarity between the charged crime and the extrinsic offense is not required when the offense is introduced to

show motive. United States v. Beechum, 582 F.2d 898, 912 n. 15 (5th Cir. 1978) (en banc). The second prong of this test is met if a jury could find by a preponderance of the evidence that the defendant committed the uncharged misconduct. United States v. Hooshmand, 931 F.2d 725, 736 (11th Cir. 1991). As for the third prong, a limiting instruction to the jury by the district court can mitigate any unfair prejudice that the introduction of the evidence caused. Calderon, 127 F.3d at 1333.

We find no abuse of discretion in the admission of the Rule 404(b) evidence at issue. First, the evidence was relevant to appellant's argument that he did not understand the ATF form. The court correctly allowed the Government to introduce his state court conviction for possession of the short-barreled shotgun to show his motive for falsely answering question 12(H) on the ATF form and that he did not make a mistake in doing so. Second, the Government carried its burden of proving that appellant was convicted of the possession offense by introducing the conviction documents. Third, the Government sufficiently showed that the probative value of that conviction outweighed its potential prejudice. The Government used the Rule 404(b) evidence for the limited purposes of showing motive, i.e., he wanted to possess a gun, and absence of mistake, i.e., he knew he was barred from possessing a gun. This evidence was probative because appellant

would not have pled guilty to the shotgun charge if he had not known that the protective order made it illegal for him to possess a gun.  Lastly, the court provided a limiting instruction as to the use of the Rule 404(b) evidence.

AFFIRMED.